IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 1:17-CV-3394 |
| ) | |
| v. ) | |
| ) | |
| ATLANTA MEDICAL CENTER ) | |
| INC., ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

## DEFENDANT ATLANTA MEDICAL CENTER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Atlanta Medical Center, Inc., ("AMC"), hereby files and serves its Answer and Affirmative Defenses to Plaintiff Ricky R. Franklin's ("Plaintiff") Complaint as follows:

## NATURE OF THIS ACTION

1.

Paragraph 1 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, AMC admits only that Plaintiff purports to assert a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* AMC denies that it violated the TCPA and all remaining allegations contained in Paragraph 1 are denied.

## JURISDICTION & VENUE

2.

AMC does not contest jurisdiction in this Court.

3.

AMC does not contest venue in this Court.

## PARTIES

4.

AMC lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 4 and therefore denies them.

5.

AMC admits it is incorporated under the laws of the State of Georgia and that its principal place of business is located in Dallas, Texas.

6.

Admitted.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C. §227

7.

Paragraph 7 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, AMC denies the allegations in Paragraph 7.

8.

Paragraph 8 of the Complaint contains only legal conclusions to which no response is required.  To the extent a response is required, AMC denies the allegations in Paragraph 8.

9.

Paragraph 9 of the Complaint contains only legal conclusions to which no response is required.  To the extent a response is required; AMC denies the allegations in Paragraph 9.

## ALLEGATIONS OF FACT

10.

AMC denies the allegations in Paragraph 10.

11.

AMC lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 11.  Therefore, AMC denies the allegations in Paragraph 11.

12.

AMC lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 12.  Therefore, AMC denies the allegations in Paragraph 12.

13.

AMC denies the allegations in Paragraph 13.

14.

AMC lack information or knowledge sufficient to form a belief as to the allegations of Paragraph 14 because the undefined terms "equipment" and "calling campaigns" are vague and ambiguous and constitute legal conclusions to which no response is required. AMC further states that the undefined phrase "supplemented by automation" is vague and ambiguous and constitutes a legal conclusion to which no response is required.  To the extent a response is required, AMC denies the allegations in Paragraph 14.

15.

AMC lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 15 because the undefined term "pre-recorded voice message" is vague and ambiguous and constitutes a legal conclusion to which no response is required. To the extent a response is required; AMC denies the allegations in Paragraph 15.

16.

AMC denies the allegations in Paragraph 16.

17.

AMC denies the allegations in Paragraph 17.

18.

AMC denies the allegations in Paragraph 18.

## COUNT I-TCPA
## KNOWING AND/OR WILLFUL VIOLATIONS
## OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

19.

AMC incorporates its responses to Paragraphs 1 through 18 as if fully stated herein.

20.

Denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

AMC denies that Plaintiff is entitled to any relief.

## **DEFENDANT'S ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF**

AMC denies that Plaintiff is entitled to any relief, including the relief requested in the "WHEREFORE" clause of the Complaint.  Further, each and every allegation in the Complaint that is not specifically and unequivocally admitted is hereby denied.  AMC reserves the right to amend or supplement this Answer and to raise any additional defenses that AMC may become aware of through discovery or otherwise.

## **AFFIRMATIVE DEFENSES**

1.

AMC had prior express consent to call the regular user and/or subscriber of the telephone number that is at issue in this action.

2.

Neither Plaintiff nor anyone on his behalf ever revoked AMC's prior express consent to call the regular user and/or subscriber of the telephone number that is at issue in this action.

3.

To the extent Plaintiff suffered damages, which AMC expressly denies, Plaintiff failed to mitigate them.

4.

Plaintiff lacks standing to assert a claim under the TCPA.

5.

Plaintiff is barred and estopped from asserting his claims against AMC, in whole or in part, because of Plaintiff's own actions and/or the actions of Plaintiff's agents.

6.

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7.

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*, or the doctrine of "equal fault."

8.

Benita Ross, not AMC, is liable to the Plaintiff for the damages claimed in this Complaint.

9.

Plaintiff was not the subscriber or customary user of the number at issue in this case during the relevant time periods.

10.

AMC reserves the right to add additional affirmative defenses as they become available.

Dated: October 27, 2017	Respectfully submitted,

<div style="margin-left: 3em;">

*/s/ Stefanie H. Jackman*
Stefanie H. Jackman,
Georgia Bar No. 335652
jackmans@ballardspahr.com
Sarah T. Reise
Georgia Bar No. 181567
reises@ballardspahr.com
Matthew B. Howard
Georgia Bar No. 550524
howardm@ballardspahr.com

</div>

**BALLARD SPAHR  LLP**
999 Peachtree Street
Suite 1000
Atlanta, GA 30309-3915
Telephone: 678.420.9300
Facsimile: 678.420.9301
*Counsel for Defendant Atlanta Medical Center, Inc.*

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1**

I hereby certify that the foregoing has been computer processed with 14 point Times New Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1.

Dated:  October 27, 2017         */s/ Sarah T. Reise*
Sarah T. Reise
Ga. Bar No. 181567

*Counsel for Defendant Atlanta Medical Center, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October , 2017, I served a copy of **DEFENDANT ATLANTA MEDICAL CENTER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system on all parties of record and via U.S. Mail on the following party:

> Ricky R. Franklin (p*ro se*)
> 708 Brambling Way
> Stockbridge, GA  30281

Date:  October 27, 2017           */s/ Sarah T. Reise*
                                                        Sarah T. Reise
                                                        Georgia Bar No. 181567